CASS, Respondent, vs. HASKINS, Appellant.

*September 18—October 7, 1913.*

*Justices' courts: Offer of judgment: Time for acceptance.*

Where in justice's court, after defendant made and filed an offer of judgment pursuant to secs. 3627, 3628, Stats., the case was adjourned, and upon the adjourned day plaintiff stated in court that he would demand a jury trial, such statement was in effect a refusal of the defendant's offer, and the offer was not thereafter open to acceptance. [Whether or not the acceptance of such an offer must be *instanter*, or before an adjournment is had, not decided.]

APPEAL from a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Reversed.*

Plaintiff brought this action in justice's court to recover from the defendant the sum of $32.39, a balance alleged to be due him for work, labor, and services performed on defendant's farm. On September 30th, the return day of the summons, the defendant made an offer of judgment for $15.25 and costs. By consent of parties the case was adjourned to October 7th. On September 30th the defendant served an answer and counterclaim on plaintiff's attorney.

On October 7th the parties appeared and plaintiff's attorney announced in open court that he would call for a jury. Thereupon by consent of parties the case was adjourned to October 9th. On the latter date the parties again appeared and plaintiff interposed a reply to the defendant's counterclaim. Plaintiff then filed a written acceptance of the offer of judgment made by defendant on September 30th and moved for judgment thereon. The justice entered judgment in accordance with the offer and acceptance and defendant appealed from the judgment so entered. Thereafter the plaintiff moved the circuit court to dismiss the appeal, presumably on the ground that defendant could not appeal from a judgment which he consented should be entered against him. The circuit court made an order dismissing the appeal and directing that a judgment for costs be awarded against the defendant. Such a judgment was entered and the defendant appeals therefrom to this court.

*John K. Parish,* for the appellant.

For the respondent the cause was submitted on the brief of *Sanborn, Lamoreux & Pray.*

BARNES, J. The action was on contract for the recovery of money damages. Sec. 3627, Stats., provides that at the time of joining issue in such an action, or on any day to which the case may be adjourned, the defendant may make an offer in writing to permit the plaintiff to take judgment against him for a stated amount of damages with costs. The acceptance is required to be in writing and must be filed with the justice, and if the latter is satisfied that the action was brought in good faith and without collusion, judgment must be entered thereon.

Sec. 3628 provides that if the plaintiff does not accept such offer it shall be deemed withdrawn and shall not be considered in any manner or for any purpose by the justice or jury, ex-

cept on the question of costs should the plaintiff fail to re-cover a more favorable judgment than that offered.

Neither of these statutes in express terms fixes the time within which the offer must be accepted. The appellant ar-gues that the acceptance must be *instanter,* or at least before an adjournment is taken on the day on which the offer is made. It is not necessary in the present case to decide whether or not this is the correct construction of the statute and we do not decide the question.

The offer was made on September 30th and the case was adjourned until October 7th. On this date the plaintiff an-nounced in open court that he would demand a jury trial, whereupon the case was adjourned until October 9th. Plaintiff's statement that he would demand a jury trial was tantamount to a declaration that he declined to accept the offer made. The announcement, if made in good faith, and we assume that it was, was notice to the defendant that the plaintiff declined the offer made and that he (defendant) must prepare for trial. Accordingly he was in court with his attorney on October 9th. We do not think the plaintiff should be permitted to take inconsistent positions on the rec-ord and be allowed to accept an offer which he had once de-clined. The general rule is that, where an offer is made and refused, the transaction is closed, and the party refusing can-not by changing his mind create a contract or obligation against the protest of the party making the offer. The de-fendant was obliged to permit his offer to remain on file in order to relieve himself from costs if the plaintiff failed to recover a more favorable judgment than the one he might have taken under the statute. But sec. 3628 provides that if the offer be not accepted it shall be deemed withdrawn and not considered for any purpose except on a taxation of costs.

The justice should have proceeded with the trial on Oc-tober 9th instead of entering judgment on the offer. It was error for the circuit court to dismiss the appeal. It is not

necessary to consider the other alleged errors committed by the circuit court, as they relate to matters which are not likely to arise on a trial of the case on its merits.

*By the Court.*—The judgment appealed from is reversed, as is the order dismissing the appeal, and the cause is remanded for further proceedings according to law.